

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Holleman
County Attorney
Polk County
Livingston, Texas

Dear Sir:

Attention: Mr. R. H. Jones

Opinion No. O-4564
Re: Minor may serve as deputy district or county clerk.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"A letter has been addressed to me as follows:

"'Mr. R. H. Jones
Assistant County Attorney
Livingston, Texas

Dear Mr. Jones:

"'I would like to have a ruling from you on the qualifications and the extent of duties of an assistant District or County Clerk.

"'The reason for this information is that it has been called to my attention that either the Assistant District or County Clerk has got to be 21 years old or if he or she is under 21 years of age they must have their disabilities removed in order to act in the capacity and perform the duties of District or County Clerk and if they fail to meet these qualifications any such official act performed is null and void.

"'Thanking you in advance for this information, I am

"Yours truly,
E. L. Hinson, Jr.,
County Auditor.'

"I have been unable to find a satisfactory answer to the above. Will you please give me an opinion on the question of a minor serving as an Assistant to District Clerk and County Clerk."

Articles 1898, 1936 and 3902, Vernon's Annotated Texas Civil Statutes, govern the appointment of deputy district and county clerks. These articles prescribe no particular qualifications whatever for such deputies. They are authorized to do and perform all such official acts as may be lawfully done and performed by their principals in person. They take an official oath but no bond is required of them.

We quote from 34 Texas Jurisprudence, p. 245, as follows:

". . . In so far as the decisions have dealt with the matter it is held . . . that both minors and women can be deputy clerks, and a woman's eligibility is not affected by the fact that she is married." (Underscoring ours)

The case of Harkreader v. State, 35 S. W. 117 (Texas Court of Criminal Appeals), holds that a minor may legally serve as deputy county clerk.

The case of Delaney v. State, 90 S. W. 642 (Texas Court of Criminal Appeals), holds that a deputy district clerk need not be a qualified voter and may be a woman. This case cites the Harkreader case, supra.

You are respectfully advised that it is the opinion of this department that a minor may legally serve as deputy district or county clerk.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED JUN 19, 1942

WJF:CC


APPROVED OPINION COMMITTEE BY [signature] CHAIRMAN